UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSTEN DENWOOD,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 26-cv-494-JPG

Criminal No 21-cr-40052-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Josten Denwood's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On October 5, 2023, the petitioner pled guilty in an open plea to one count of conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a), (b)(1)(A), & 846. The statutory sentencing range for this offense was 10 years to life.

At sentencing, the Court found Denwood was a career offender. It found his base offense level under U.S.S.G. § 4B1.1(b)(1) was 37 because his statutory sentencing maximum was life in prison, and it lowered that by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). His criminal history category was VI based on his career offender status, which yielded a statutory range of 262 to 327 months in prison. Because he was a career offender, his relevant conduct of 255.15 grams of a mixture and substance containing methamphetamine was not relevant to his guideline calculation. The Court sentenced the petitioner to serve 262 months in prison. The petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit, which on, April 4, 2025, allowed appellate counsel to withdraw and dismissed the appeal. Denwood did not seek a writ of *certiorari* from the United States Supreme Court.

I.        § 2255 Motion

In his timely § 2255 motion, the petitioner raises four claims of ineffective assistance of counsel in violation of the Sixth Amendment.   Broadly construing his motion, the Court identifies the following assertions of ineffective assistance of counsel:

Ground 1:     Counsel was ineffective for failing to object to the indictment's charging actual methamphetamine and, at the sentencing hearing, to the use of actual methamphetamine relevant conduct in arriving at Denwood's sentence; Appellate counsel was ineffective for failing to raise this issue on direct appeal;

Ground 2:     Counsel was ineffective for failing to object at sentencing to the 10-year statutory mandatory minimum for a crime involving 50 grams or more of actual methamphetamine where the Government lacked evidence to show the purity of the methamphetamine involved;

Ground 3:     Counsel was ineffective for failing to ask for an evaluation and hearing regarding Denwood's competency to enter a knowing and voluntary guilty plea, to participate in the presentence interview, and to be sentenced, all of which he, in fact, was not competent to do because of his mental health, education level, and medication side-effects; and

Ground 4:     Counsel was ineffective for advising Denwood to plead guilty to the crime involving 50 grams or more of actual methamphetamine when there had been no laboratory analysis of the purity of the drugs involved, *see* PSR ¶19, and for failing to advise him of the proper statutory sentencing range before his guilty plea, rendering his plea not knowing or voluntary; he asks to withdraw his guilty plea.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 1 or 2.

II.    Analysis

A.     § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255(a).   However,

"[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"  *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).   Some claims in this case can be decided without an evidentiary hearing.

### B.    Ineffective Assistance of Counsel

Denwood's challenges to his sentence rest primarily on alleged instances of ineffective assistance of counsel.   The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   U.S. Const. amend. VI.   This right to assistance of counsel encompasses the right to *effective* assistance of counsel.   *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.   *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).   The Court must then consider whether, in light of all of the circumstances, counsel's

performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694). "That requires a substantial, not just conceivable, likelihood of a different result." *Thornell v. Jones*, 602 U.S. 154, 163 (2024) (internal quotations omitted).

C.      Grounds 1 and 2

Denwood's assertions in Grounds 1 and 2 are related, so the Court addresses them together. Both revolve around the charge and the statutory range established by Denwood's plea of guilty to that charge.

Denwood has not alleged any deficient attorney conduct with respect to the charge. While Denwood faults counsel for the Third Superseding Indictment's charging him with a drug crime involving more than 50 grams of actual methamphetamine, counsel played no role in bringing the charge. That is solely the province of the Government, limited only by whether the grand jury finds probable cause for the crimes presented to it. Defense counsel played no role in

4

the charge, so to the extent Denwood faults his counsel for allowing or not objecting to the charge without laboratory testing of the drugs in issue, his claim has no merit. Counsel was not deficient in that regard, and appellate counsel was not ineffective for failing to raise this issue on appeal.

Further, once Denwood pleaded guilty to the charge of conspiracy to distribute more than 50 grams of actual methamphetamine, his statutory sentencing range was set at 10 years to life, as the Court informed him during the plea colloquy. There was nothing counsel could have done at sentencing to change that range even if it was apparent at that time that the Government had not tested for purity the drugs comprising Denwood's relevant conduct. After the plea, the 10 years to life sentencing range was set in stone barring any plea withdrawal. There was nothing counsel could do to change that.

To the extent Denwood argues counsel was deficient because he failed to object to relevant conduct at sentencing, Denwood suffered no prejudice from this conduct. Because Denwood was a career offender whose base offense level was established by the statutory maximum of his crime—life in prison—his relevant conduct, whether it was a mixture and substance containing methamphetamine or actual methamphetamine, was irrelevant to his offense level calculation.[1]

Finally, to the extent Denwood complains that counsel gave him bad advice to plead guilty where the Government had not tested the drugs in issue for purity, that contention will be addressed head-on in Ground 4.

---

[1] While it is conceivable that his base offense level could have been set by his relevant conduct had he been involved with a far greater amount of methamphetamine—the base offense level is set by the *greater* of the relevant conduct level or the career offender level, U.S.S.G. § 4B1.1(b)—that was not the case for Denwood.

### III.    Conclusion

For the foregoing reason, the Court rejects Grounds 1 and 2 as bases for § 2255 relief. However, the Court **ORDERS** the Government to respond to Grounds 3 and 4 of the petitioner's § 2255 motion, including the contention that Denwood's plea was not knowing and voluntary, within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   August 11, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

6